UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT ROBERTSON | CIVIL ACTION |
| VERSUS | |
| RECREATION AND PARK COMMISSION, ET AL | NO. 09-356-A-M2 |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 9, 2009.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT ROBERTSON** | **CIVIL ACTION** |
| **VERSUS** | |
| **RECREATION AND PARK COMMISSION, ET AL** | **NO. 09-356-A-M2** |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Rule 12(b)(6) Motion and Incorporated Memorandum to Dismiss (R. Doc. 4) filed by defendants, City of Baton Rouge and Parish of East Baton Rouge (collectively "City and Parish"). Plaintiff, Robert Robertson ("Robertson"), has filed an opposition (R. Doc. 6) to the City and Parish's motion.

### FACTS & PROCEDURAL BACKGROUND

Robertson, an African American male, filed his complaint in this matter on June 10, 2009, against the Recreation and Parks Commission for the Parish of East Baton Rouge ("BREC"), the City of Baton Rouge, and the Parish of East Baton Rouge. He contends that he was employed by the defendants beginning in October 2005 as an "able-bodied maintenance laborer." He asserts that he remained so employed for two and a half (2 ½) years, during which time he was allegedly never subjected to disciplinary action. He further alleges that, in January 2007, a Caucasian, Justin Day, became his supervisor and subjected him to "several and continuous discriminatory and humiliating acts, while not engaging in the same patterns with similarly situated Caucasian employees."[1]

---

[1] Robertson indicates in the complaint that some of the discriminatory acts to which he was subjected include degrading him by refusing to give him the key to the

1

Robertson contends that he reported Supervisor Day's discriminatory treatment to supervisor, Ricky Holden, who did not address the matter. He alleges that, as a result of the continual harassment and discriminatory work schedule, he was forced to resign from his position with BREC on March 14, 2008, "leading to mental, physical and economic hardship from the stress and injuries suffered as a consequence of his constructive discharge." Robertson contends that the defendants' actions amount to race discrimination in violation of Title VII of the Civil Rights Act and La. R.S. 332, and he seeks the following damages: (1) back pay and benefits; (2) reinstatement or front pay and benefits; (3) compensatory damages; (4) punitive damages; and (5) attorney's fees and costs.

The City and Parish have now filed the present motion seeking their dismissal from this action with prejudice because: (1) the complaint fails to state a claim against them upon which relief can be granted; (2) the plaintiff has no legal basis for recovery against them; (3) the plaintiff lacks standing; and (4) the facts, as set out in plaintiff's complaint, do not warrant any remedy under the law.

## **LAW & ANALYSIS**

Under Fed. R. Civ. P. 12(b)(6), a claim may not be dismissed unless it appears certain that the plaintiff will not be able to prove any set of facts in support of his claim that would entitle him to relief. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.

---

restroom, denying him vacation time, denying him access to tools and equipment necessary to perform his job duties, denying him the same material benefits afforded to similarly situated Caucasian employees, questioning him about whether or not he was in possession of BREC property while possessing gas cans from another source while similarly situated Caucasian employees received no such inquiry, and requiring him to work one weekend a month when such terms were not described in his original scope of employment.

2

1994), citing, *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994).[2] In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not merely conclusory allegations. *Collins v. Morgan Stanley Dean Witter*, 224 F. 3d 496 (5th Cir. 2000). The Court must accept all well-pleaded facts as true, and must review them in the light most favorable to the plaintiff. *Green*, supra, at 1086. However, conclusory allegations and unwarranted deductions of fact are not admitted as true. *Associated Builders, Inc. v. Alabama Power Company*, 505 F. 2d 97 (5th Cir. 1974).[3]

In support of their argument that they should be dismissed from this suit, the City and Parish refer the Court to BREC's enabling legislation, La. R.S. 33:4570, *et seq*., which provides BREC with full power to adopt and promulgate rules and regulations and equips it with the authority to tax, impose and collect property taxes, and have its own policy-making board. The City and Parish also point out that, unlike other boards, commissions, and agencies of the City-Parish that must have their decisions considered and approved by the Metropolitan Council, BREC's own "commission" makes its final decisions and not the City or Parish. The City and Parish therefore ask the Court to take judicial notice of the fact that BREC is a separate political subdivision of the State and not an agency of the City of Baton Rouge and/or the Parish of East Baton Rouge. As a result, they contend that they are not responsible for the daily operations, activities, and actions of BREC and/or its staff.

Alternatively, the City and Parish contend that they should be dismissed because

---

[2] See also, *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994) ("A dismissal will not be affirmed if the allegations support relief on any possible theory.")

[3] See also *Tuchman v. DSC Communications Corp.*, 14 F. 3d 1061 (5th Cir. 1994)(The Court does not have to accept legal conclusions, unsupported conclusions, unwarranted references, or sweeping legal conclusions cast in the form of factual allegations).

the complaint does not set forth any facts or allegations directed at those entities nor does it allege that the City and Parish are responsible for the actions of BREC. The City and Parish assert that this action must be brought against the real party in interest, Robertson's employer, BREC.

Although Robertson acknowledges in his opposition that BREC is a political subdivision of the State by virtue of its enabling legislation, he nevertheless contends that "prevailing jurisprudence" has "established a connection between the City of Baton Rouge and BREC" that is "so close that it creates an identity of interest and a parent-subsidiary relationship." The jurisprudence upon which he relies is the Louisiana Supreme Court case of *Findley v. Baton Rouge*, 570 So.2d 1168 (La. 1990). In *Findley*, the Supreme Court held that, for purposes of whether an amended complaint naming BREC as a defendant "relates back" to the date of filing of an original petition naming the City of Baton Rouge as the sole defendant, the relationship between BREC and the City was similar to that between a parent corporation and a subsidiary. The Supreme Court noted that Fed. R. Civ. P. 15(c) was amended for the purpose of preventing unjust results to a plaintiff, who confronted with a maze of closely related corporate or governmental entities, initially chooses the wrong one to sue, unless prejudice exists. The Supreme Court in *Findley* found that, under the circumstances of that personal injury suit brought by an individual who was injured while riding a bicycle on a roadway through a BREC park, there was a sufficiently close relationship between the City of Baton Rouge and BREC and an absence of prejudice to the entity named in the amended complaint (BREC), such that filing of the suit against the City provided "such notice of the institution of the action that [BREC][would] not be prejudiced in maintaining [its] defense on the merits." *Id.*, at 1171-1172.

4

The recognition that the City of Baton Rouge and BREC have a sufficiently close connection for purposes of "relation back" and notice of suit in the prescription context, however, does not necessarily mean that those entities have a parent/subsidiary relationship for vicarious liability purposes, particularly when the plaintiff has failed to allege how the City and Parish have any control whatsoever over the discriminatory actions alleged in the complaint, as in the present matter.[4]  In fact, the Supreme Court actually noted in *Findley* that, despite the parent/subsidiary-type relationship between the City of Baton Rouge and BREC for purposes of "relation back," the proper party to be sued in that case was BREC itself and not the City of Baton Rouge.

Furthermore, even if it is assumed that the City and Parish are BREC's parent corporation(s) for purposes of vicarious liability, parent corporations generally are not liable under Title VII for their subsidiary's allegedly discriminatory actions unless the parent corporation actually participates in the subsidiary's employment decisions, which has not been alleged in the complaint in this case.  *See*, 21 Fed. Proc., L.Ed. §50:759, citing *Williams v. Massachussetts Mut. Life Ins. Co.*, 474 F.Supp.2d 219 (D. Mass. 2007)(Parent corporation was not liable for its subsidiary's allegedly discriminatory discharge of its employee, even though subsidiary shared human resources employees with parent, where subsidiary exercised complete control over employment process, and parent's employees

---

[4] Other courts that have referred to and/or relied upon *Findley* have done so only in the "relation back"/prescription context, not in the vicarious liability context.  *See, Levingston v. City of Shreveport*, 44,000 (La. App. 2 Cir. 2009), 4 So.3d 942; *West v. Parish of Jefferson*, 96-530 (La. App. 5 Cir. 11/26/96), 685 So.2d 371 (Citing *Findley* and noting that there must be an "identity of interests" between the originally named defendant and the party the plaintiff actually intended to sue sufficient enough that institution of the action against one serves to provide notice of the litigation to the other); *Brown v. City of New Orleans*, 580 So.2d 1093 (La. App. 4 Cir. 1991); *Maltese v. Keller Industries, Inc.*, 853 F.Supp. 945 (E.D.La. 1994).

did not participate in any way in the decision-making process leading to the employee's discharge). Because Robertson has failed to assert any specific allegations in the complaint as to how the City and Parish were involved in the allegedly discriminatory actions of his former employer, BREC, and its employees, his conclusory claims against the City and Parish should be dismissed with prejudice for failure to state a claim upon which relief can be granted.[5]

### RECOMMENDATION

For the above reasons, it is recommended that the Rule 12(b)(6) Motion and Incorporated Memorandum to Dismiss (R. Doc. 4) filed by defendants, City of Baton Rouge and Parish of East Baton Rouge, should be **GRANTED** and that the plaintiff's claims against those defendants be **DISMISSED WITH PREJUDICE**.

Signed in chambers in Baton Rouge, Louisiana, September 9, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[5] In sum, even if BREC "appears" to an unknowing plaintiff to be holding itself out as or acting on behalf of the City, as asserted by Robertson, and that "appearance" may be sufficient to allow "relation back" of an amended complaint correctly naming BREC as a substitute defendant; such "appearance," on its own, is not sufficient to hold the City and Parish liable for the actions of BREC and its employees when the plaintiff has failed to even allege how the City and Parish are involved in those actions.